SCHOTT, Judge.
Lincoln Lacour filed this tort suit against Nelson Chatelain and William C. Krause as executive officers of his employer, Mason Chatelain, Inc., and their liability insurer, State Farm Fire & Casualty Company, for injuries he sustained on the job on July 11, 1973. State Farm, which also carried the workmen’s compensation insurance, intervened to claim compensation benefits it was paying to plaintiff for total disability. The case was scheduled for trial on September 25, 1978, when a settlement for $16,000 was reached between the attorneys for the parties on September 22. The settlement drafts were prepared by State Farm and delivered to their attorney, but when he contacted plaintiff’s attorney to arrange to finalize the settlement plaintiff’s attorney advised defendants’ that the plaintiff had died on August 14,1978, whereupon defendants refused to proceed with the settlement.
On November 22 a supplemental petition was filed by Mrs. Doris Robinson Lacour individually and as natural tutrix of the minor children, Lynette, Lincoln, Jr., and Jerome Lacour, and by Mrs. Ella Mae El-more Lacour as natural tutrix of the minors Belinda and Sherry Lacour, seeking a judgment for the $16,000 based on the alleged settlement reached on September 22.
The case proceeded to trial on the basis of documents, some issued by State Farm and others exchanged between the attorneys along with some explanatory testimony on the part of the attorneys.
*664 The documents consisted of a memorandum by State Farm’s representative, dated September 22, to the effect that its attorney had settled the case “for $16,000 total— releasing all claims . . .a letter from plaintiff’s attorney to defendants’ confirming the settlement of the case for $16,000, and a letter to defendant’s attorney by State Farm’s representative enclosing two drafts, one for $14,750 and the other for $1250 with the explanation that the larger draft would settle the workmen’s compensation claim of plaintiff, and the lesser draft the tort claim.
Defendants’ attorney in his testimony acknowledged that plaintiff had a valid claim for workmen’s compensation benefits but regarded the tort claim as weak. It was his intention to have the court approve settlement of the workmen’s compensation claim as a part of the settlement procedure of all claims growing out of the accident. On the other hand, plaintiff’s attorney insisted that he understood the $16,000 would be in settlement of the tort claim exclusively. The trial court apparently decided the case on the basis that the documents were writings sufficient to bring about a transaction or compromise in accordance with LSA-C.C. Art. 3071.
Since one of the parties to this agreement was dead at the time it was purportedly entered into it obviously was not binding on defendants. In fact, when plaintiff’s attorney wrote the letter and made the agreement, which he relies on, he no longer had the capacity to represent his client who was then dead.
Accordingly, the judgment appealed from is reversed and set aside, and there is judgment in favor of defendants, State Farm Fire & Casualty Company and Nelson Cha-telain, dismissing the supplemental petition of Mrs. Doris Robinson Lacour and Mrs. Ella Mae Elmore Lacour at their costs. The case is remanded to the District Court fot further proceedings on the original petition.
REVERSED AND RENDERED.